IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PUBLICATIONS INTERNATIONAL, LTD.,
an Illinois Corporation,

                Plaintiff,

    v.

LEAPFROG ENTERPRISES, INC., a
Delaware Corporation,

                Defendant.

No.

```
FILED:  MAY 14,  2008
08CV2800  J.N.
JUDGE GUZMAN
MAG. JUDGE COX
```

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Publications International, Ltd. ("PIL" or "Plaintiff"), through its attorneys, Kelley Drye & Warren, LLP, for its Complaint against Defendant, LeapFrog Enterprises, Inc. ("LeapFrog" or "Defendant"), alleges as follows:

## NATURE OF ACTION

1.     This action is for declaratory relief under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201, 2202) to resolve an actual controversy between PIL and LeapFrog arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.* as to the right of PIL to adopt and use the name and mark POINGO for an optical reader product and the alleged misappropriation of confidential or proprietary information related thereto owned by LeapFrog.

## PARTIES

2.     Plaintiff, Publications International, Ltd., is an Illinois corporation, with its headquarters and principal place of business at 7373 North Cicero, Lincolnwood, Illinois.

3.     Defendant, LeapFrog Enterprises, Inc., is a Delaware corporation, with its headquarters and principal place of business at 6401 Hollis Street, Emeryville, California.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper in this court because this litigation arises under federal law,

namely 15 U.S.C. §1051 *et seq.* (Lanham Act).  The court has jurisdiction over this action under

28 U.S.C. §1331 (federal question), 28 U.S.C. §1338(a) (trademarks) and 28 U.S.C. §2201

(Declaratory Judgment Act).

5.      This court has personal jurisdiction over LeapFrog because it transacts business in

the State of Illinois and this district through the operation of its interactive Internet website,

www.leapfrog.com, which allows Illinois residents to purchase its products and through the sale

of its products to Illinois residents through numerous retail stores located in this judicial district.

6.      Venue properly lies in the Northern District of Illinois, under 28 U.S.C.

§§1391(b) and 1391(c), because the claims arose, in whole or part, in this judicial district, PIL

maintains its principal place of business here and Leapfrog is doing business within this district.

7.      An actual case in controversy has arisen between the parties.  LeapFrog has

threatened litigation against PIL, and has asserted that LeapFrog has senior trademark rights in

the word POINGO.  LeapFrog has likewise threatened litigation based on an allegation that PIL

misappropriated confidential and proprietary information regarding the word POINGO.

## FACTS

### PIL's Business

8.      PIL is one of the leading publishers of books, periodicals and children's

interactive learning products in the United States.  PIL produces, distributes, and sells, *inter alia*,

award-winning children's books and interactive learning products throughout the United States,

including the Northern District of Illinois.  PIL's children's books and related products are

intended for preschool as well as school age children and cover a range of subjects from baby's

first vocabulary books, to favorite bible stories, and classic treasuries of time-honored children's tales. PIL also licenses a wide range of character rights and copyrights from the properties of well known children's classics and current children's programming and films.

9.     PIL has developed an a pen-like electronic reader device that houses a computer processor and optical sensor (the "Optic Pen Reader Product"). When it is touched to the surface of a specially made book, the Optic Pen Reader Product can read the whole page or individual words found in the book. It can also create sound effects when touched to illustrations.

10.     PIL introduced the Optic Pen Reader Product under the name and mark POINGO at the American International Toy Fair in February 2008.

11.     PIL is the owner of two intent-to-use trademark applications in the United States Patent and Trademark Office ("USPTO") to register the POINGO mark: U.S. Trademark Application Serial No. 77424039 to register the mark for use in connection with "specially printed books, for use alone or with a handheld electronic reader device that enhances viewing of the books through audio means," and U.S. Trademark Application Serial No. 77424045 to register the mark for use in connection with "optical reader technology consisting of a handheld electronic reader device, specially printed books and proprietary software and data."[1]

Defendant's Acts

12.     Upon information and belief, LeapFrog designs, develops and markets technology-based learning products and related content for children.

13.     Upon information and belief, LeapFrog is introducing a pen-like device under the trademark "Tag Reading System" or, simply, "Tag" (the "LeapFrog Optic Pen Product") in June 2008.

---

[1]     PIL has also filed applications for the trademark POINGO in the United Kingdom (April 30, 2008) and Canada (March 26, 2008).

14.     Upon information and belief, LeapFrog has not filed applications to register POINGO in the USPTO or anywhere in the world, and has never claimed any rights in the word POINGO in the USPTO.

<u>The Current Dispute</u>

15.     On April 7, 2008, PIL received a letter from counsel to LeapFrog (attached as Exhibit A hereto) in which LeapFrog claimed to be using the designation POINGO for the LeapFrog Optic Product.  In the letter, LeapFrog alleged that it holds senior rights to the use of the mark POINGO for a reader product.  If such allegation was true, it would subject PIL to claims for infringement and unfair competition under the Lanham Act.  LeapFrog further claimed that PIL's adoption of the name and mark POINGO for the Optic Pen Reader Product may have resulted from a misappropriation of LeapFrog's confidential and proprietary information by PIL.

16.     On April 14, 2008, counsel to PIL responded by letter (attached as Exhibit B hereto) to LeapFrog's counsel and identified the fact that an investigation of the claims in LeapFrog's letter had failed to identify any use of the designation POINGO by LeapFrog.  PIL's counsel cautioned LeapFrog against making unfounded claims of misappropriation by PIL, and requested that LeapFrog produce information identifying when LeapFrog purportedly adopted the designation POINGO for the LeapFrog Optic Product.

17.     LeapFrog's counsel responded by letter on April 17, 2008, (attached as Exhibit C hereto) advising that LeapFrog had allegedly used the designation POINGO in a presentation to retailers and had further used the designation internally within LeapFrog.  LeapFrog again posited that PIL's adoption of the name and mark POINGO for the Optic Pen Reader Product

may have resulted from a misappropriation of LeapFrog's confidential and proprietary information by PIL.

18.    On May 7, 2008, counsel to PIL (Dorothy Weber, William Golden, and Michelle Graham) and counsel to LeapFrog (John Hughes) discussed the instant dispute during a telephone conference.  Counsel to LeapFrog again demanded information regarding PIL's adoption of the name and mark POINGO for the Optic Pen Reader Product.  Four times during the course of the telephone call, counsel to LeapFrog represented unequivocally to PIL's counsel that LeapFrog would obtain such information through "discovery" in litigation if PIL did not voluntarily comply with demands for the same being made by LeapFrog.

19.    Although PIL's products compete in the marketplace with LeapFrog's products, LeapFrog is a public company with substantial financial resources far greater than that of PIL. On information and belief, LeapFrog's threats are made, *inter alia*, for the purpose of intimidating PIL and its customers, which creates an unfair business advantage for its Optic Pen Reader Product over PIL's POINGO product.

## CLAIM FOR RELIEF

### (Declaratory Judgment)

20.    PIL repeats and realleges each and every allegation contained in paragraphs 1 to 20 of this Complaint with the same force and effect as if fully set forth herein.

21.    LeapFrog has claimed that it has trademark rights in the designation POINGO.

22.    LeapFrog has claimed that PIL must have misappropriated confidential and proprietary information regarding LeapFrog's alleged trademark rights in the designation POINGO when PIL adopted the name and mark POINGO for the Optic Pen Reader Product.

23.    PIL has been and is being damaged by LeapFrog's claim that it has trademark rights in the designation POINGO, which rights are the subject of confidential and proprietary

information that has been misappropriated by PIL, and LeapFrog's conduct will continue to cause irreparable injury to PIL for which there is no adequate remedy at law.

24.     An actual controversy exists between the parties concerning the existence and misappropriation of any such trademark rights in the designation POINGO and this Court is empowered under 28 U.S.C. §§ 2201 and 2202 and 15 U.S.C. § 1051 *et seq.* to declare the rights and liability of the parties and grant such further relief as is necessary and proper, including but not limited to a declaration that LeapFrog has no rights in the designation POINGO and a declaration that no confidential or proprietary information regarding the claimed designation POINGO has been misappropriated by PIL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the court:

(a)     Enter judgment according to the declaratory relief sought;

(b)     Award PIL its costs in this action; and

(c)     Enter such other and further relief to which PIL may be entitled as a matter of law or equity, or which the court deems just or proper.

Dated:  May 14, 2008

/s/ Caroline C. Plater
One of the Attorneys for Plaintiff,
PUBLICATIONS INTERNATIONAL, LTD.

M. David Short (#6230267)
Caroline C. Plater (#6256076)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Suite 2600
Chicago, IL  60606
(312) 857-7070

*Of Counsel:*
William R. Golden, Jr. (#90785335)
Paul W. Garrity (*pro hac vice* application to be filed)
Michelle M. Graham (*pro hac vice* application to be filed)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY  10178
(212) 808-7800

Dorothy M. Weber, Esq. (*pro hac vice* application to be filed)
SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.
111 West 57th Street, Suite 1120
New York, NY 10019
(212) 245-4580

**Exhibit A**

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

San Francisco

Two Embarcadero Center
Eighth Floor
San Francisco, California 94111-3834
Tel 415.576.0200
Fax 415.576.0300

April 7, 2008

Mr. Richard G. Maddrell
President
Publications International, Ltd.
7373 N. Cicero Ave.
Lincolnwood, IL 60712

> Re:    Use of POINGO Trademark

Dear Mr. Maddrell:

We are intellectual property counsel to LeapFrog Enterprises, Inc. ("LeapFrog").

It has come to our attention that Publications International, Ltd. ("PIL") intends to launch a reading pen product under the mark **POINGO** in August, 2008. As I presume you are aware, LeapFrog is also preparing to launch its own reader pen product in June, 2008.

Please be advised that long before PIL announced the launch of its reading pen product, LeapFrog was using the mark **POINGO** for its own reader pen both internally and in presentations to retailers. As a result, LeapFrog has priority rights to the use of the mark **POINGO.**

Furthermore, LeapFrog's long prior use of the coined mark **POINGO** within LeapFrog indicates that PIL's decision to use the same mark may be due to PIL's misappropriation of LeapFrog's confidential and proprietary information. Therefore, in order to determine whether PIL's use of the mark **POINGO** resulted from such a misappropriation, we request that you provide us with an explanation as to how PIL chose the mark **POINGO** for its reading pen product.

Very truly yours,

John A. Hughes

cc:  Mr. Louis Weber

61333256 v1

# Exhibit B

# SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.

## ATTORNEYS AT LAW
### 111 WEST 57TH STREET
### NEW YORK, NEW YORK 10019

ALLEN H. ARROW*
PETER S. SHUKAT
J. JEFFREY HAFER
DOROTHY M. WEBER
JONAS E. HERBSMAN
—————
JASON A. FINESTONE
KYLE D.N. FOGDEN

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471
—————
*ALSO MEMBER CALIFORNIA BAR
WRITER'S E-MAIL:
dorothy@musiclaw.com

April 14, 2008



<u>Via Facsimile (415) 576-0300</u>

John A. Hughes, Esq.
Townsend and Townsend and Crew, LLP
Two Embarcadero Center, 8th Floor
San Francisco, California 94111-3834

      Re:    POINGO
             <u>Publications International, Ltd.</u>

Dear Mr. Hughes:

     We are intellectual property counsel to Publications International, Ltd. ("PIL"). A copy of your letter dated April 7, 2008, has been referred to us for response.

     Please be advised that our client is not aware of any use by LeapFrog of the phrase POINGO. While you assert that LeapFrog has priority on the use of the mark POINGO, you have not provided any information on your claimed date of first use. Neither the LeapFrog's website nor any search of the internet reveals any use by LeapFrog of the phrase POINGO or any mark even similar to such phrase. While a search of your client's website reveals an optic pen children's book product under the trademark "TAG", no where in the description of the TAG product is the phrase POINGO referenced.

     Your claim that our client may have misappropriated confidential and proprietary information is a very serious claim and is potentially damaging to our client's business and goodwill. We caution any such allegations being made to third parties, particularly PIL's clients.

SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.

John A. Hughes, Esq.
April 14, 2008
Page 2 of 2

     We ask, therefore, that you immediately provide us with any information which confirms a date of the purported adoption by your client of the mark POINGO, particularly any materials which you claim were shown to third parties.

     This letter is written without prejudice to our client's rights and remedies, all of which are hereby expressly reserved.

           Very truly yours,

           SHUKAT ARROW HAFER WEBER
           & HERBSMAN, LLP

           Dorothy M. Weber

DMW: nvm

cc:   Mr. Lou Weber
      Mr. Dick Maddrell

# Exhibit C

CH01/PLATC/210357.1

TOWNSEND
*and*
TOWNSEND
*and*
CREW
LLP

San Francisco

Two Embarcadero Center
Eighth Floor
San Francisco, California 94111-3834
Tel  415.576.0200
Fax 415.576.0300

April 17, 2008

*VIA EMAIL TO <dorthy@musiclaw.com>*
*CONFIRMING COPY TO FOLLOW*

Dorothy M. Weber, Esq.
SHUKAT ARROW HAFER WEBER &
  HERBSMAN, LLP
111 West 57th Street
New York, NY 10019

      Re:    **Publications International, Ltd.**
              **Use of POINGO Trademark**
              Our File No. 025412-007700

Dear Ms. Weber:

      We are in receipt of your letter dated April 10, 2008, regarding the above-referenced matter.  In response to your request for additional information regarding LeapFrog's first use of the mark **POINGO**, please be advised that the mark **POINGO** was included in a presentation to one of LeapFrog's retailers at least as early as November 14, 2006, and LeapFrog used the mark internally prior to that date.  As we previously stated, LeapFrog's long prior use of the coined mark **POINGO** indicates that PIL's decision to use the exact same mark may be due to PIL's misappropriation of LeapFrog's confidential and proprietary information.  We therefore again request that you provide us with an explanation as to how and when PIL chose the mark **POINGO,** in order to assure LeapFrog that PIL's use of the mark did not result from any such misappropriation.

              Very truly yours,

              John A. Hughes

61344397 v1