IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PUBLICATIONS INTERNATIONAL, LTD., an Illinois Corporation,<br><br>                Plaintiff,<br><br>v.<br><br>LEAPFROG ENTERPRISES, INC., a Delaware Corporation,<br><br>                Defendant. | 08-cv-2800<br>JUDGE GUZMAN<br>MAGISTRATE JUDGE COX |

## AMENDED COMPLAINT

Publications International, Ltd. ("PIL"), for its Amended Complaint against LeapFrog Enterprises, Inc. ("LeapFrog"), alleges as follows:

## NATURE OF ACTION

1. This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 to resolve an actual controversy between PIL and LeapFrog arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as to PIL's right to adopt and use the name and mark POINGO for an optical reader product. PIL further seeks a declaration as to the alleged misappropriation of confidential or proprietary information allegedly owned by LeapFrog.

2. This action is also brought under the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS § 505/2) based on LeapFrog's conduct, which results in unfair competition.

1

## PARTIES

3. Publications International, Ltd. is an Illinois corporation, with its headquarters and principal place of business at 7373 North Cicero, Lincolnwood, Illinois.

4. LeapFrog Enterprises, Inc. is a Delaware corporation, with its headquarters and principal place of business at 6401 Hollis Street, Emeryville, California.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this court because this litigation arises under federal law, 15 U.S.C. §§ 1051, *et seq*. The Court has jurisdiction over this action under 28 U.S.C. §§1331, 1367, 1338(a) and 2201. Jurisdiction is also proper under 28 U.S.C. § 1332(a) because this is an action between citizens of different states in which the matter in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over LeapFrog because it transacts business in the State of Illinois and this judicial district through the operation of its interactive Internet website, www.leapfrog.com, which allows Illinois residents to purchase its products and through the sale of its products to Illinois residents at numerous retail stores located in this judicial district.

7. Venue properly lies in the Northern District of Illinois, under 28 U.S.C. §§1391(b) and 1391(c), because the claims arose, in whole or part, in this judicial district, PIL maintains its principal place of business here, and LeapFrog is doing business within this district.

8. An actual controversy has arisen between the parties. LeapFrog has threatened litigation against PIL, and has asserted that LeapFrog has senior trademark rights in the word

POINGO. LeapFrog has likewise threatened litigation based on an allegation that PIL misappropriated confidential and proprietary information related to LeapFrog's optical pen product.

## FACTS

### PIL's Business and Relevant Products

9. PIL is a leading publisher of books, periodicals and children's interactive learning products in the United States. PIL produces, distributes, and sells award-winning children's books and interactive learning products throughout the United States, including in the Northern District of Illinois. PIL's books and related products are intended for preschool as well as school-age children and cover a range of subjects from baby's first vocabulary books, favorite bible stories, and classic treasuries of time-honored children's tales.

10. PIL also licenses a wide range of character rights and copyrights from the properties of well known children's classics and current children's programming and films.

11. PIL has developed a pen-like electronic reader device that houses a computer processor and optical sensor (the "POINGO Pen Reader"). When it is near the surface of a specially made book, the POINGO Pen Reader can read microscopic codes that correspond to, among other things, the whole page of text or individual words found on the page. The POINGO Pen Reader can also create sound effects when touched to illustrations.

12. PIL introduced the POINGO Pen Reader under the name and mark POINGO at the American International Toy Fair in February 2008.

13.     PIL is the owner of two intent-to-use trademark applications in the United States Patent and Trademark Office ("PTO") to register the POINGO mark: U.S. Trademark Application Serial No. 77/424,039 to register the mark for use in connection with "specially printed books, for use alone or with a handheld electronic reader device that enhances viewing of the books through audio means," and U.S. Trademark Application Serial No. 77/424,045 to register the mark for use in connection with "optical reader technology consisting of a handheld electronic reader device, specially printed books and proprietary software and data."

**PIL's Other Electronic Publication Products**

14.     The POINGO Pen Reader is not PIL's first electronic publication product. As early as 2003, PIL was marketing wand-based interactive talking books under the trademarks "ActivePAD®" and "ActivePoint®". These electronic books have an attached stylus that when touched to a word or picture on the page activated sounds. PIL achieved some success with "ActivePAD®" and "ActivePoint®" product.

15.     In 2003, PIL also began to market an interactive talking book named "Story Reader®". The "Story Reader®" book is operated by turning the pages. A mechanism in the book senses when pages are turned and, in turn, plays audio associated with the currently displayed page.

16.     In 2005, PIL released two new reader "Story Reader Video Plus" and "My First Story Reader".

17. The product development progression of "ActivePAD®", "ActivePoint®", "Story Reader®", "Story Reader Video Plus", and "My First Story Reader" led to PIL's development of the POINGO Pen Reader.

### LeapFrog's Accusations Against PIL

18. LeapFrog designs, develops and markets technology-based learning products and related content for children.

19. LeapFrog has developed and intends to sell a pen-like device under the mark "Tag Reading System" or, simply, "Tag" (the "TAG Reader Pen"). According to published reports, the Tag Reader Pen goes on sale in June 2008.

20. On April 7, 2008, PIL received a letter from LeapFrog's outside legal counsel claiming that LeapFrog used the mark POINGO for a reading pen product long prior to PIL's use of POINGO and that LeapFrog, thus, holds senior rights to the use of the mark POINGO for a reader product. A true and correct copy of the letter is attached as Exhibit A.

21. LeapFrog's outside legal counsel further alleged that "LeapFrog's long prior use of the coined mark POINGO within LeapFrog indicates that PIL's decision to use the same mark may be due to PIL's misappropriation of LeapFrog's confidential and proprietary information."

22. Upon information and belief, LeapFrog has no product in the marketplace with the name POINGO and has never filed any applications to register the word POINGO in the U.S. Patent and Trademark Office or anywhere in the world.

23. On April 14, 2008, PIL's counsel responded to LeapFrog's letter (see above) and noted that LeapFrog's letter had failed to provide information to support its claimed first use of

5

the phrase POINGO. PIL's counsel requested that LeapFrog provide information identifying when LeapFrog purportedly adopted the mark POINGO. A true and correct copy of the letter is attached as Exhibit B.

24. LeapFrog's counsel responded by letter on April 17, 2008, (see above) stating that LeapFrog had used the mark POINGO in a presentation to its retailers as early as November 14, 2006, and had further used the mark internally prior to that date. LeapFrog again asserted that PIL's adoption of the "exact same mark may be due to PIL's misappropriation of LeapFrog's confidential and proprietary information." A true and correct copy of the letter is attached as Exhibit C.

25. On May 7, 2008, PIL's counsel and LeapFrog's counsel discussed LeapFrog's accusations. LeapFrog's counsel again demanded information regarding PIL's adoption of the name and mark POINGO. Four times during the course of the telephone call, LeapFrog's counsel stated that LeapFrog could obtain such information through "discovery" in litigation if PIL did not voluntarily comply with LeapFrog's demands for information.

26. LeapFrog is a public company with financial resources significantly greater than PIL. On information and belief, LeapFrog's claims of trademark infringement and trade secret misappropriation are made primarily for the purpose of intimidating PIL, PIL's customers and licensors, and potential licensors toward creating an unfair advantage in selling its TAG Pen Product over the POINGO Pen Reader.

27. Upon information and belief, LeapFrog's actions have and/or will directly affect the sale of PIL electronic publication products, including the POINGO Pen Reader.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment of Trademark Rights in POINGO)**

28.     PIL repeats and realleges each and every allegation contained in paragraphs 1 to 27 of this Amended Complaint with the same force and effect as if fully set forth herein.

29.     There is an actual controversy between the parties concerning their respective rights to the mark POINGO.  In particular, LeapFrog has claimed that it owns senior rights in the mark POINGO.  PIL is currently marketing and selling a product using the mark POINGO.

30.     PIL has been and is being damaged by LeapFrog's claim that it has senior trademark rights in the designation POINGO, and LeapFrog's conduct will continue to cause irreparable injury to PIL for which there is no adequate remedy at law.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment of No Misappropriation of Trade Secrets)**

31.     PIL repeats and realleges each and every allegation contained in paragraphs 1 to 30 of this Amended Complaint with the same force and effect as if fully set forth herein.

32.     There is an actual controversy between the parties concerning LeapFrog's claims that PIL has misappropriated LeapFrog's confidential and proprietary information.  LeapFrog has suggested that PIL's use of the mark POINGO and its proposed pricing of its POINGO Pen Reader is the result of the misappropriation of LeapFrog's confidential and proprietary information.

33.     PIL has been and is being damaged by LeapFrog's claim that PIL appears to have misappropriated LeapFrog's confidential and proprietary information, and LeapFrog's conduct will continue to cause irreparable injury to PIL for which there is no adequate remedy at law.

## THIRD CAUSE OF ACTION

### (Illinois Unfair Business Practices Act)

34. PIL incorporates the allegations contained in paragraphs 1 through 33 of this Amended Complaint, as though fully set forth herein.

35. LeapFrog's unfair accusations aimed at PIL, alleging violations of LeapFrog's purported intellectual property rights, has had a chilling effect on PIL's past, current, and continuing interest in the electronic publication products market. PIL's diminishing interest in electronic publication products will lessen consumer choice in the market for those goods.

36. LeapFrog's actions constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of its trade, all in violation of the Illinois Unfair Business Practices Act, Illinois Statutes, (815 ILCS § 505/1).

37. LeapFrog's actions are irreparably damaging to PIL and will continue to damage PIL unless enjoined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and grant the following relief:

    a. Declare that LeapFrog does not have senior right to the mark POINGO;

    b. Declare that PIL did not misappropriate any confidential or propriety information from LeapFrog;

    c. Enjoin LeapFrog from continuing its unfair methods of competition;

      d.      Award monetary damages for injury resulting from LeapFrog's conduct;

      e.      Award PIL its fees and costs in this action; and

      f.      Enter such other and further relief to which PIL may be entitled as a matter of law or equity, or which the court deems just or proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Publications International, Ltd. respectfully demands a trial by jury of all issues triable by a jury.

Dated: June 12, 2008

          /s/   Jordan A. Sigale _____

          One of the Attorneys for Plaintiff,
          PUBLICATIONS INTERNATIONAL, LTD.

Jordan A. Sigale (ARDC # 6210047)
Julie P. Samuels (ARDC # 6287282)
Julie Langdon (ARDC # 6291722)
LOEB & LOEB LLP
321 North Clark Street
Chicago, Illinois  60610
Telephone:  (312) 464-3100
Facsimile:  (312) 464- 3111

Dorothy M. Weber, Esq. *(pro hac vice* application to be filed)
SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.
111 West 57th Street, Suite 1120
New York, New York 10019
Telephone: (212) 245-4580

# EXHIBIT A

Case 1:08-cv-02800    Document 20-2    Filed 06/12/2008    Page 1 of 2

# TOWNSEND
## and
## TOWNSEND
## and
## CREW
LLP

San Francisco

Two Embarcadero Center
Eighth Floor
San Francisco, California 94111-3834
Tel 415.576.0200
Fax 415.576.0300

April 7, 2008

Mr. Richard G. Maddrell
President
Publications International, Ltd.
7373 N. Cicero Ave.
Lincolnwood, IL 60712

Re:   Use of POINGO Trademark

Dear Mr. Maddrell:

We are intellectual property counsel to LeapFrog Enterprises, Inc. ("LeapFrog").

It has come to our attention that Publications International, Ltd. ("PIL") intends to launch a reading pen product under the mark POINGO in August, 2008. As I presume you are aware, LeapFrog is also preparing to launch its own reader pen product in June, 2008.

Please be advised that long before PIL announced the launch of its reading pen product, LeapFrog was using the mark POINGO for its own reader pen both internally and in presentations to retailers. As a result, LeapFrog has priority rights to the use of the mark POINGO.

Furthermore, LeapFrog's long prior use of the coined mark POINGO within LeapFrog indicates that PIL's decision to use the same mark may be due to PIL's misappropriation of LeapFrog's confidential and proprietary information. Therefore, in order to determine whether PIL's use of the mark POINGO resulted from such a misappropriation, we request that you provide us with an explanation as to how PIL chose the mark POINGO for its reading pen product.

Very truly yours,

John A. Hughes

cc: Mr. Louis Weber

61333256 v1

# EXHIBIT B

Case 1:08-cv-02800   Document 20-3   Filed 06/12/2008   Page 1 of 3

**SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.**
ATTORNEYS AT LAW
111 WEST 57TH STREET
NEW YORK, NEW YORK 10019

ALLEN H. ARROW*
PETER S. SHUKAT
J. JEFFREY HAFER
DOROTHY M. WEBER
JONAS E. HERBSMAN

JASON A. FINESTONE
KYLE D.N. FOGDEN

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471

*ALSO MEMBER CALIFORNIA BAR
WRITER'S E-MAIL:

dorothy@musiclaw.com

April 14, 2008



Via Facsimile (415) 576-0300

John A. Hughes, Esq.
Townsend and Townsend and Crew, LLP
Two Embarcadero Center, 8th Floor
San Francisco, California 94111-3834

Re: POINGO
Publications International, Ltd.

Dear Mr. Hughes:

We are intellectual property counsel to Publications International, Ltd. ("PIL"). A copy of your letter dated April 7, 2008, has been referred to us for response.

Please be advised that our client is not aware of any use by LeapFrog of the phrase POINGO. While you assert that LeapFrog has priority on the use of the mark POINGO, you have not provided any information on your claimed date of first use. Neither the LeapFrog's website nor any search of the internet reveals any use by LeapFrog of the phrase POINGO or any mark even similar to such phrase. While a search of your client's website reveals an optic pen children's book product under the trademark "TAG", no where in the description of the TAG product is the phrase POINGO referenced.

Your claim that our client may have misappropriated confidential and proprietary information is a very serious claim and is potentially damaging to our client's business and goodwill. We caution any such allegations being made to third parties, particularly PIL's clients.

SHUKAT ARROW HAFER WEBER & HERBSMAN, L.L.P.

John A. Hughes, Esq.
April 14, 2008
Page 2 of 2

    We ask, therefore, that you immediately provide us with any information which confirms a date of the purported adoption by your client of the mark POINGO, particularly any materials which you claim were shown to third parties.

    This letter is written without prejudice to our client's rights and remedies, all of which are hereby expressly reserved.

    Very truly yours,

SHUKAT ARROW HAFER WEBER
& HERBSMAN, LLP

Dorothy M. Weber

DMW: nvm

cc:    Mr. Lou Weber
        Mr. Dick Maddrell

# EXHIBIT C

TOWNSEND
and
TOWNSEND
and
CREW
LLP

San Francisco

Two Embarcadero Center
Eighth Floor
San Francisco, California 94111-3834
Tel 415.576.0200
Fax 415.576.0300

April 17, 2008

*VIA EMAIL TO <dorthy@musiclaw.com>*
*CONFIRMING COPY TO FOLLOW*

Dorothy M. Weber, Esq.
SHUKAT ARROW HAFER WEBER &
  HERBSMAN, LLP
111 West 57th Street
New York, NY 10019

Re:  Publications International, Ltd.
     Use of POINGO Trademark
     Our File No. 025412-007700

Dear Ms. Weber:

We are in receipt of your letter dated April 10, 2008, regarding the above-referenced matter. In response to your request for additional information regarding LeapFrog's first use of the mark POINGO, please be advised that the mark POINGO was included in a presentation to one of LeapFrog's retailers at least as early as November 14, 2006, and LeapFrog used the mark internally prior to that date. As we previously stated, LeapFrog's long prior use of the coined mark POINGO indicates that PIL's decision to use the exact same mark may be due to PIL's misappropriation of LeapFrog's confidential and proprietary information. We therefore again request that you provide us with an explanation as to how and when PIL chose the mark POINGO, in order to assure LeapFrog that PIL's use of the mark did not result from any such misappropriation.

Very truly yours,

John A. Hughes

61344397 v1