# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Ronald A. Guzman | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2800 | **DATE** | 7/21/2008 |
| **CASE TITLE** | Publications International, Ltd. vs. Leapfrog Enterprises, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court strikes the parties' stipulated protective order.

Docketing to mail notices.

| | Courtroom Deputy Initials: | LC/LM |
|---|---|---|

Litigation, even of cases involving trade secrets and other confidential information, is generally open to the public. *See Jessup v. Luther*, 277 F.3d 926, 927-28 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000). Thus, courts should secrete generally public information only if "(1) the interest for which protection is sought is an actual trade secret or other confidential business information protected under [Federal Rule of Civil Procedure 26(c)(1), and . . . (2) there is good cause for the protective order." *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill. 1998). There is good cause to secrete confidential business information if its "disclosure will result in a clearly defined and very serious injury to the [company's] business." *Id.* (internal quotations and citations omitted).

The parties seek to protect from disclosure:

> information produced in the course of discovery or trial which a party deems to contain trade secrets or other proprietary, technical, or confidential information that is not publicly available (including but not limited to design, manufacturing, research, commerical or business information) and which is designated by such party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the terms and mechanisms of this Protective Order . . . ."

(Proposed Order ¶ 2.) The parties do not define the term "CONFIDENTIAL," but say that "HIGHLY CONFIDENTIAL" material is that which the designating party believes will cause it "significant competitive injury," including "information regarding new product development, business plans, formulas, internal cost or overhead . . . customer pricing and discounts, customer infromation, market research, or trade secrets," if disclosed. (*Id.* ¶ 3.) Because the parties have not even identified specifically the information they wish to protect, let alone shown that there is good cause for protecting it, their stipulated protective order is stricken.

The proposed order has other problems as well. First, it does not state that entire pleadings cannot be filed under seal. If confidential material is submitted as an exhibit to or incorporated in a pleading or brief filed with the Court, a copy of the pleading or brief with the confidential material redacted shall be filed with the Clerk of the Court, and the original pleading or brief without redaction shall be filed under seal. *See Union Oil*, 220 F.3d at 568. Second, to the extent the order is intended to protect confidential material even after it is introduced at trial, it is invalid. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999). Third, the proposed order does not state that interested members of the public have the right to challenge the designation of a document as confidential, though they do. *See id.* Finally, the provisions in the proposed order regarding the disposition of any documents filed under seal must be amended because such documents will be handled in accordance with Local Rule 26.2(g). Because the proposed order is deficient, the Court strikes it without prejudice.